# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.:

| | |
|---|---|
| Brian Hjelden,<br><br>　　　　　Plaintiff,<br>v.<br><br>Screening Reports, Inc.,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA")[1] and the defamation of Plaintiff's character.

## JURISDICTION

2. Jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, and, for the pendent state law claims, pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred here.

## TRIAL BY JURY

4. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PARTIES

5. Plaintiff Brian Hjelden is a natural person who resides in Hennepin County, Minnesota, and is a consumer as that term is defined by Section 1681a(b).

6. Defendant Screening Reports, Inc. ("Defendant") is a foreign corporation engaged in the business credit reporting in this state from its principal address of 220 Gerry Drive, Wood Dale, IL 60191. Its registered agent for service of process in Minnesota is National Registered Agent Inc., at 590 Park Street, #6, Capital Professional Building, St. Paul, MN 55103. It is a "consumer reporting agency" as that term is defined by Section 1681a(f) because it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

7. On or about August 1, 2012, Defendant provided a consumer report to Nicollet Ridge Apartments stating that Plaintiff had been convicted of a felony from May 16, 1998. *See Exhibit 1*.

---

[1] References to sections of the FCRA will exclude the title number for convenience.

8. Based on information and belief, Plaintiff believes that Defendant has provided this consumer report to other potential employers as well because he did not receive job offers from employers who had expressed interest in hiring him, including an employer who took over the operations of an employer he had been working for for 6 years. This resulted in not only a loss of employment, but also a loss of housing because he was living at the property as part of his compensation.

9. Defendant did not notify Plaintiff each time it furnished a consumer report containing public record information to a potential employer or provide the name and address of the person to whom the consumer report was furnished.

10. Plaintiff has never been convicted of a felony.

11. Plaintiff contacted Polk County and confirmed that their public records did not show that he had been convicted of a felony.

12. A felony conviction is public record information which is likely to have an adverse effect on a consumer's ability to obtain employment.

13. Plaintiff has suffered actual damages as a result of the inaccurate consumer reports that Defendant provided, including, but not limited to, loss of wages, out of pocket expenses, emotional distress, humiliation, frustration and anxiety.

## **CAUSES OF ACTION**

### **COUNT I**

### **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions Defendant constitute numerous and multiple violations of the FCRA including, but not limited to, the specific violations cited below.

16. Defendant violated Section 1681k(a)(1) by failing to notify Plaintiff each time it furnished a consumer report containing public record information to a potential employer and providing the name and address of the person to whom the consumer report was furnished.

17. Defendant violated Section 1681k(a)(2) by failing to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported is complete and up to date.

18. Defendant's actions were willful because it intentionally included inaccurate information even though there was no basis to report the conviction as a felony.

19. Defendant's actions were willful because it failed to provide notice to Plaintiff despite the clear requirement to do so.

## COUNT II

## DEFAMATION

20. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendant's statement that Plaintiff was convicted of a felony was false.

22. Defendant communicated the statement to Nicollet Ridge Apartments and other potential employers.

23. Stating that Plaintiff had been convicted of a felony harmed his reputation and would lower him in the estimation of the community.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

I. Actual damages from Defendant pursuant to Section 1681n(a)(1)(A) or 1681o(a)(1) for lost wages, out of pocket expenses and emotional distress, humiliation, frustration and anxiety in an amount to be determined at trial;

II. Punitive damages pursuant to Section 1681n(a)(2);

III. Costs and reasonable attorney fees pursuant to Section 1681n(a)(3) or 1681o(a)(2);

-6-

IV. Damages for defamation; and,

V. For such other and further relief as the Court may deem just and proper.

Dated: November 5, 2012

*s/Curtis P. Zaun*
Curtis P. Zaun (266310)
curtis@cpzlaw.com
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
612-200-5992
612-367-8107 (fax)

**Attorney for Plaintiff**